## TAYLOR *v.* NOSTRAND.

*(Supreme Court, General Term, Second Department.* December 10, 1890.)

LIABILITY OF AGENT TO THIRD PARTIES.

Pursuant to a resolution of a water company, appointing plaintiff its agent to take title or options for land in the name of the company, he was employed for that purpose by defendant, a member of the company. By his direction he took the contracts for land in the name of one A.. trustee, instead of in the name of the company. No resolution of any board of officers authorized such change. *Held,* that plaintiff could recover from defendant for services rendered. PRATT, J., dissenting.

Appeal from judgment on report of referee.

Action by Grant B. Taylor against P. Elbert Nostrand, for services rendered. From a judgment for plaintiff, defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*James S. Allen,* for appellant. *Howard Thornton,* for respondent.

BARNARD, P. J. It seems clear from the evidence that the Ramapo Water Company was nothing but an appearance. The defendant was in point of fact all there was of it, except the form of a certificate of incorporation, which was filed in the secretary of state's office. The defendant was the promoter of the undertaking, or, at least, an important member of the company which was promoting the enterprise. The plaintiff was employed to take title or options for land in the name of the company. He did take the same in the name of one Andrews as trustee. No authority was shown, given by the company, creating Andrews trustee, or authorizing the title or contract to be taken in his name. The defendant directed the change, and the lands affected thereby were the lands in and about which the plaintiff rendered the service. The defendant justifies the change by reason of the direction of one Lamont. No sufficient power to direct the change was proven in Lamont. He testifies that he was authorized, but no resolution of any board of directors or trustees was proven to that effect. No doubt it was safer for the promoters to have control of the contract, and in the unsettled state of the company the defendant and Lamont made a change of the mode of transfer which was at first prepared. By the change the plaintiff had no claim on the company, and as a consequence thereof he has one agent, the defendant, who ordered the change. The judgment should therefore be affirmed, with costs.

DYKMAN, J., concurs.

PRATT, J., *(dissenting.)* This is an appeal from a judgment entered on the report of a referee in a suit for services claimed by the plaintiff to have been rendered to the defendant. The issue was whether the services were rendered to the defendant or to a corporation known as the "Ramapo Water Company." It appeared in proof that the plaintiff was employed as agent of the Ramapo Water Company in making contracts on property for that company by a resolution duly passed, and notice of such appointment was duly given to the plaintiff, and he rendered the services under such appointment, and charged the same to that corporation. It appears that plaintiff had not only previously rendered services to that company, for which he had been paid, but the services for which this suit was instituted were specifically rendered under the following paper:

"NEW YORK, Jan. 15, 1889.

"Mr. Grant B. Taylor, of Newburgh, is hereby appointed agent of the Ramapo Water Company, for the purpose of making contracts on property necessary for our purposes in the Fort Montgomery district in Orange and Rockland counties, in accordance with printed contracts furnished by the company.          GEORGE A. EVANS, President."

It also appears that plaintiff knew that defendant was connected with and agent for the Ramapo Company. There is no proof that the last-named company ever repudiated any of the contracts made by the plaintiff for land, or denied its liability for the plaintiff's services. The plaintiff claims, however, that the defendant exceeded his authority in directing him to take contracts in the name of W. S. Andrews, trustee. As to this, it may be said that if such a change was authorized or acquiesced in by the company it would not affect the liability of the company for his services. It can fairly be inferred from the testimony that such change was authorized, as Mr. Samuel testified, without contradiction, that he gave the orders that certain of the contracts should be made in name of Andrews, trustee, and that he (Samuel) was the agent of the company for every purpose connected with its business. Again, as it appears that the plaintiff made the contract, he had no right to follow any instructions which were not authorized by the company. It seems to be conceded that the services were rendered for the Ramapo Company, and that the defendant should have judgment except for two reasons: (1) That defendant had exceeded his authority; and (2) that he did not prove that the Ramapo Company was duly incorporated. The first we have already answered; the second is a matter that was entirely immaterial, so far as the defendant was concerned. The plaintiff made his contract with that company, and it was a matter for him to ascertain before he made the contract of employment. The plaintiff gave that company credit, and it having employed him assuming to be a corporation, it was estopped from denying that it had not legal capacity to make the contract; however, for all purposes in a suit by plaintiff to recover for these services, it was a legal corporation. It follows that the judgment must be reversed.